Jonathan Solish (SBN 67609)
Keith D. Klein (SBN 184846)
Kamao C. Shaw (SBN 253350)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: jonathan.solish@bryancave.com
keith.klein@bryancave.com
kamao.shaw@bryancave.com

Attorneys for Defendants AVIS RENT A CAR SYSTEM, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS BUDGET GROUP, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIGI AMBROSE, *et al.*,<br><br>            Plaintiffs,<br><br>     vs.<br><br>AVIS RENT A CAR SYSTEM, INC., *et al.*,<br><br>            Defendants. | Case No. 2:11-cv-09992-CAS-AGR<br>Hon. Christina A. Snyder<br><br>**PROTECTIVE ORDER**<br><br>[Filed concurrently with Stipulated Protective Order] |

0328697/3869022

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED THAT the following procedures shall be employed and the following terms, conditions, and restrictions shall govern with respect to all exchanges of documents and information made by any party to this case including all summaries, extracts and material derived from this case (hereinafter, "information") during discovery and other non-dispositive, pretrial proceedings:

1.  Any party or other person producing information in this case may, in good faith, designate information as CONFIDENTIAL, the disclosure of which would constitute an invasion of the privacy of or may cause competitive or financial injury to, the party or other producing person, or any third party. Records or documents containing "personal records," as defined in §1985.3(a)(1) *et seq.* of the California Code of Civil Procedure, may also be designated as CONFIDENTIAL. At the time of production or other pretrial disclosure of such CONFIDENTIAL information, the producing party or other person shall designate such material by placing the word CONFIDENTIAL on each such document or other material, or if it is not possible to so label the material, by means of such other designation as will identify the CONFIDENTIAL information with sufficient specificity to permit counsel to adhere to the provisions of the [Proposed] Protective Order ("Protective Order") filed concurrently with this Stipulation.

2.  The designation of information as CONFIDENTIAL shall not be considered conclusive or binding on any party, and such designation may be contested by noticed motion at any time. However, unless and until an order of this Court sets aside a CONFIDENTIAL designation, all documents and information so designated shall be treated as CONFIDENTIAL pursuant to the terms of the Protective Order.

3.  Any CONFIDENTIAL information that is produced shall be produced only to counsel of record for the parties in this litigation. Counsel for any party who obtains any CONFIDENTIAL information from any other party shall protect it and

its contents from all disclosure to anyone, save for the persons designated in this paragraph. Counsel of record may disclose CONFIDENTIAL information where necessary (in connection with this litigation) to:

    (a)    their employees and employee equivalents (e.g., contract paralegals, etc.);

    (b)    independent experts and/or consultants hired only for the purpose of aiding counsel of record in connection with the handling of this case who shall have no ownership interest in or business relationship with any other party named in this litigation or any competitor of defendants;

    (c)    deponents testifying under oath and the certified shorthand reporter conducting the deposition;

    (d)    the parties to this litigation; or

    (e)    this Court and members of its staff.

4. Whenever any CONFIDENTIAL information is introduced or used at a deposition, those portions of the deposition that concern CONFIDENTIAL information shall be conducted in such a way that only persons authorized by the Protective Order to have access to such matters are present. Any party may request that the entire transcript, a portion of the transcript, or any exhibit be designated as CONFIDENTIAL. CONFIDENTIAL information may only be elicited or used in depositions of parties, or persons employed by parties, who have agreed to be bound by the terms of the Protective Order and reviewed and signed Exhibit A.

5. Counsel may show CONFIDENTIAL material to a witness at a deposition and examine that witness concerning the same, provided that, such counsel must, in the course of the deposition, inquire as to whether the witness agrees to be bound by the terms of the Protective Order. If the witness does not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy of the CONFIDENTIAL material including, but not limited to, a copy of any pages of the transcript of the deposition that are designated CONFIDENTIAL. In

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty (30) days after the date of the notice, it will be used as if it had been signed.  The witness shall not be furnished with a copy of portions of the deposition transcript or exhibits that have been designated as CONFIDENTIAL.  If the witness does not sign the original deposition transcript within thirty (30) days after the date of the written notice described in this paragraph, the deposition transcript may be used as if it had been signed.

6. Whenever any party wishes to file with the Court, introduce, or use at a pretrial hearing or other pretrial proceeding any CONFIDENTIAL information, that party shall comply with the procedure set forth in Central District of California Local Rule 79-5, and California Rule of Court 2.551.

7. Failure of counsel to designate testimony or exhibits as CONFIDENTIAL at deposition shall not constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the deposition, counsel shall be entitled to designate specific pages and lines of the transcript or exhibits as CONFIDENTIAL; however, any other party shall be entitled to treat the transcript or exhibits as non-CONFIDENTIAL material until such time as the CONFIDENTIAL designation is made.

8. If any CONFIDENTIAL material is provided to a discovering party without being marked as CONFIDENTIAL, the failure so to mark the material shall not be deemed a waiver of its confidentiality.  Until the material is designated as CONFIDENTIAL by the producing party, however, the discovering party shall be entitled to treat the material as non-CONFIDENTIAL.  Upon designation, such material shall be treated as CONFIDENTIAL in accordance with the provisions of the Protective Order.

9. Within thirty (30) days after the final settlement or conclusion of this action, discovering counsel shall return to producing counsel all documents including, without limitation, depositions, hearing, or other pretrial transcripts containing information designated as CONFIDENTIAL, as well as all copies, and shall return or destroy any extracts, summaries, or material derived form the information.

10. This Stipulation is entered without prejudice to the right of any party to waive the applicability of the Protective Order as to any information produced by the party. Upon the application to this Court by noticed motion, any party may:

(a) Seek additional protective treatment for any information or documents which might become the subject of discovery;

(b) Object to the designation of any document as CONFIDENTIAL; or

(c) Seek any modification of, or relief from, the Protective Order and such other relief as may seem appropriate. Prior to any such application, counsel shall confer to try obtain agreement without resort to this Court.

11. The terms of the Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

DATED: June 15, 2012

*[signature: Alicia G. Rosenberg]*

Honorable Alicia G. Rosenberg
District Court Magistrate Judge

0328697/3869022

4

**PROTECTIVE ORDER**

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

I, _____, residing at _____ have read the foregoing Stipulated Protective Order ("Order") in the civil action entitled LUIGI AMBROSE, *et al.*, Plaintiffs, vs. AVIS RENT A CAR SYSTEM, INC., *et al.*, Defendants, Central District of California Case No. 2:11-cv-09992-CAS-AGR (the "Action").  I agree to be bound by its terms with respect to any documents designated as "CONFIDENTIAL" that are furnished to me as set forth in the Order, unless and until the Order is modified by further order of the Court.  I further agree to return documents to the producing party or third party according to the terms of paragraph 9 of that Order.

I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

I hereby agree that any documents designated as "CONFIDENTIAL" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

DATED: _____    _____
                                                         (Signature)

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386