UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | LUIGI AMBROSE, ET AL. V. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Christina Humphrey | Kamao Shaw |

**Proceedings:** **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT** (filed August 13, 2012)

## I.  INTRODUCTION & BACKGROUND

On October 14, 2011, plaintiffs Luigi Ambrose, twenty-one other individuals, and twenty-two corporations filed a complaint in the Los Angeles County Superior Court against defendants Avis Rent a Car System, Inc. ("Avis"), Budget Rent a Car System, Inc. ("Budget"), Avis Budget Group, Inc. ("Avis Budget"), and Does 1–100 (collectively "defendants").[1]  Defendants removed the action to this Court on December 1, 2011.

The background to the instant dispute is known to the parties and set forth more fully in the Court's prior orders granting in part and denying in part defendants' motion to dismiss plaintiffs' second amended complaint.  See Dkt. No. 27.

Pertinent to this motion, plaintiffs' filed a first amended complaint after defendants' filed a motion to dismiss to the complaint.  Dkt. Nos. 6 and 12.

---

[1] As discussed in this Court's prior order: "On June 2, 2005, a putative class action entitled Woody Duke v. Avis Rent A Car System, Inc. was filed in the Los Angeles County Superior Court.  That case included the named plaintiffs in this action as well as the same defendants and proceeded on most of the same causes of action with essentially the same facts.  On March 11, 2009, the trial court in Duke denied a motion for class certification.  The Court of Appeal affirmed the trial court's holding.  The California Supreme Court denied review.  Eight months later, plaintiffs filed this action."  Dkt. No. 27 at 2 (quotations and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | LUIGI AMBROSE, ET AL. V. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

Consequently, the Court found that the motion to dismiss the complaint was moot. Dkt. No. 14. Pursuant to the parties' stipulation, plaintiffs filed a second amended complaint on February 8, 2012. Dkt. No. 19. Defendants moved to dismiss again, and the Court granted in part and denied in part the motion to dismiss the second amended complaint on April 16, 2012. Dkt. No. 27. Plaintiffs filed a third amended complaint on May 4, 2012, which defendants again moved to dismiss. The Court granted defendants' motion to dismiss the third amended complaint on July 19, 2012. Dkt. No. 47. The Court has not yet entered a scheduling order setting a deadline for adding claims or parties to the action.

Plaintiffs filed a fourth amended complaint on August 8, 2012. Dkt. No. 48. Five days later, plaintiffs filed the instant motion for leave to file a proposed fifth amended complaint ("FAC"). Dkt. No. 49. Defendants opposed the motion on August 20, 2012. Dkt. No. 53. Plaintiffs filed a reply on August 27, 2012. Dkt. No. 54. The Court held a hearing on September 10, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 15

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609). Here, the Court has not yet set a deadline for amending pleadings. Therefore, Rule 15 controls the instant motion.

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | LUIGI AMBROSE, ET AL. V. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v Rose, 49 F.3d 1363, 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### III.   ANALYSIS

Plaintiffs seek to add four new parties as plaintiffs to this action under the umbrella of the same substantive allegations which they have already alleged in their previous complaints. They argue that the amendment is necessary because four additional individuals have learned about this lawsuit and desire to join. Mot. at 1. In addition, plaintiffs contend that none of the factors identified above—motive, diligence, prejudice, nor futility—weigh against granting their motion.

Defendants argue that plaintiffs' motion should be denied for a number of reasons. First, defendants argue that plaintiffs' amendment would futile, because: (1) the proposed FAC seeks exemplary damages for plaintiffs' wage and hour claims which are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | LUIGI AMBROSE, ET AL. V. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

available; and (2) plaintiffs' claim for failure to provide itemized wage statements is barred by the statute of limitations for three of the four new plaintiffs. Defendants contend that because of this futility, defendants would also be prejudiced by having to file another motion to dismiss. In addition, defendants argue that common questions of law or fact "do not exist" among plaintiffs, and therefore defendants would again be prejudiced if the Court allowed more plaintiffs to join. Opp'n at 4–6. Finally, defendants contend that because the individuals seeking to join this lawsuit have not explained their delay in doing so, despite allegedly having notice of this suit, the Court should deny their right to participate. Id. at 6–7.

The Court finds that plaintiffs should be granted leave to file a fifth amended complaint. First, defendants' futility arguments are better addressed by a motion to dismiss, not in an opposition to a Rule 15 motion. For one, plaintiffs aver they do not seek punitive damages in connection with their Labor Code claims, but only exemplary damages, which may be available. Reply at 1. In addition, plaintiffs' proposed itemized wage statement claims may be subject to the relation back doctrine, which would save the claims from being time-barred. See Martell v. Trilogy, Ltd, 872 F.2d 322, 325 (9th Cir. 1989). The Court need not decide these issues on this motion; it is sufficient to note for present purposes that the addition of four new plaintiffs would not clearly be futile, nor result in prejudice to defendants.

Second, defendants joinder argument is without merit. In a previous order, the Court already concluded that joinder is proper in this case. See Dkt. No. 27 at 15 ("[T]he Court finds that plaintiffs' claims arise out of the same series of transactions, and therefore that plaintiffs are properly joined in this action."). The addition of four agency operators as plaintiffs who rely on the same theory of liability does not change this analysis. Defendants' objection amounts to a request for reconsideration of the Court's prior order, which the Court declines to entertain.

Third, defendants have failed to show undue delay by plaintiffs or prejudice resulting therefrom. As a preliminary matter, plaintiffs filed an fourth amended complaint only five days before filing this motion for leave to amend. See Dkt. Nos. 48 and 49. No motions had yet been filed in opposition, and plaintiffs attempted to confer with defendants' counsel before filing the motion. This conduct does not resemble the sort of bad faith or undue delay that could result in prejudice to a defendant. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992-CAS (AGRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | LUIGI AMBROSE, ET AL. V. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

defendant argues that notice provided to potential class members as part of the Duke action sufficed to place the potential plaintiffs here on notice of this suit, defendant fails to show how notice related to the Duke litigation would necessarily place these individuals on notice of the instant suit.  Moreover, even if these individuals delayed in joining this action, defendant fails to demonstrate how the addition of four plaintiffs here would result in prejudice to defendant.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that the "party opposing amendment bears the burden of showing prejudice").

**IV.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS plaintiffs' motion for leave to file the proposed fifth amended complaint forthwith.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |