UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## * AMENDED * CIVIL MINUTES - GENERAL

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | * Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| * Not Present | * Not Present |

Proceedings:     *(In Chambers:) DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
12(b)(6) (filed 6/20/2012)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 23, 2012, is hereby vacated, and the matter is taken under submission.

## I.     INTRODUCTION

On October 14, 2011, plaintiffs Luigi Ambrose, twenty-one other individuals, and twenty-two corporations filed a complaint in the Los Angeles County Superior Court against defendants Avis Rent a Car System, Inc. ("Avis"), Budget Rent a Car System, Inc. ("Budget"), Avis Budget Group, Inc. ("Avis Budget"), and Does 1–100 (collectively "defendants").[1] Defendants removed the action to this Court on December 1, 2011.

---

[1] On June 2, 2005, a putative class action entitled Woody Duke v. Avis Rent A Car System, Inc. was filed in the Los Angeles County Superior Court. Plaintiffs' Notice of Related Case Pursuant to California Rule of Court 3.330, Pg. 2. That case "included . . . the named plaintiffs in this action[,]" as well as "the same defendants," and "proceeded on most of the same causes of action asserted in this action[,]" and "essentially the same facts. . . . " Id. On March 11, 2009, the trial court in Duke denied a motion for class certification. See Defendants' Request for Judicial Notice ("Defendants' RJN"), Ex. 1. The Court of Appeal affirmed the trial court's holding. Id., Ex. 2. The California Supreme Court denied review. Id., Ex. 3. Eight months later, plaintiffs filed this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

### * AMENDED * CIVIL MINUTES - GENERAL

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

On February 8, 2012, upon the parties' stipulation, plaintiffs filed a second amended complaint ("SAC"). On March 9, 2012, defendants filed a motion to dismiss the SAC. On April 16, 2012, the Court granted in part and denied in part defendants' motion to dismiss.[2]

On May 4, 2012, plaintiffs filed the operative third amended complaint ("TAC") alleging eleven claims for relief: (1) Declaratory Relief; (2) Failure to Pay Overtime Compensation in violation of California Labor Code § 1194; (3) Failure to Indemnify and Illegal Wage Deductions in violation of California Labor Code §§ 226 and 2802; (4) Failure to Allow and Pay for Meal and Rest Breaks in violation of California Labor Code §§ 200, 226.7, and 512; (5) Failure to Pay Compensation upon Discharge in violation of California Labor Code §§ 201–203; (6) Failure to Provide Accurate Itemized Wage Statement; (7) Fraud and Deceit – Intentional Misrepresentation; (8) Fraud and Deceit – Concealment; (9) Violation of California Business and Professions Code § 17200 et seq. ("UCL"); (10) Accounting; and (11) Remedies under Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 et seq.

On June 20, 2012, defendants filed the instant motion to dismiss. Dkt. No. 43. Plaintiffs filed an opposition on July 2, 2012. Dkt. No. 45. Defendants filed a reply on July 9, 2012. Dkt. No. 46. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs are comprised of two groups. Half of the plaintiffs are individuals who worked as "Agency Operators" in Southern California for defendants for varying periods

---

[2] Specifically, the Court granted defendants' motion insofar as it sought the dismissal of the corporate plaintiffs' Labor Code claims and UCL claims premised thereon with prejudice. The Court further dismissed the corporate plaintiffs and individual plaintiffs' fraud claims and UCL claims premised thereon without prejudice.

The Court denied defendants' motion insofar as it sought the dismissal of the individual plaintiffs' claims for violations of the California Labor Code, the UCL claims premised thereon, and their requests for declaratory relief and an accounting.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | | Date | July 19, 2012 |
|---|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | | |

of time between 1992 and the present.  TAC ¶¶ 13–34.  The remaining plaintiffs are corporate entities that were allegedly formed "at the insistence" of defendants as a condition to each individual plaintiff becoming an Agency Operator.

Defendants Avis and Budget are car rental agencies, which plaintiffs allege are managed by "the same supervisory and management personnel," and are "operated as one and the same, aside from the use of distinct brand names."  TAC ¶ 38.

Plaintiffs' allegations arise out of their negotiations with defendants and their subsequent business relationships.  Plaintiffs assert two principal theories for relief.

First, plaintiffs allege that they were "misclassified" as independent contractors, when in reality they were "treated as employees."  Plaintiffs support this assertion with allegations that defendants "controlled the manner and means" of plaintiffs' work by dictating "the rental rates, the physical inventory of cars available for rent at each location, the required rental documentation, the physical setup of the Agency Operator location, the required customer credit status, all computer programs employed at each location, etc."  TAC ¶¶ 5d–e.  Plaintiffs allege that due to this misclassification they are owed, *inter alia*, wages, overtime compensation, employer portions of tax withholdings, state disability insurance, workers' compensation, and reimbursement of all business expenses.  TAC ¶ 7.  Plaintiffs also assert that they are entitled to declaratory and injunctive relief, restitution, and reimbursement of other costs plaintiffs incurred due to the alleged misclassification.  Id.

Second, plaintiffs allege that through affirmative misrepresentations and material omissions, they were fraudulently misled regarding the nature of their relationships with defendants as well as their earning potential as Agency Operators.  TAC ¶¶ 8–9.  Plaintiffs aver that defendants intentionally misrepresented, *inter alia*, that plaintiffs would "be their own boss," that plaintiffs had "unlimited income potential," and that defendants would provide plaintiffs with the available inventory for rentals at their Agency Operator locations.  TAC ¶ 9.  Plaintiffs further allege that defendants improperly used "charge backs" against plaintiffs' monthly commissions, limited the availability of inventory, unfairly exercised control over the routing of reservations traffic, controlled  vehicle pricing, and concealed their implementation of strict audits which were conducted on a monthly basis.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|----------|----------------------|------|---------------|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

$O$

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## B.      Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth.  In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

### * AMENDED * CIVIL MINUTES - GENERAL

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." <u>Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting <u>Ebeid ex rel. United States v. Lungwitz</u>, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.   DISCUSSION

Defendants move to dismiss on two principal grounds.  First, defendants argue that the following claims are time-barred: (1) all claims by plaintiff Mark Asbury; (2) the PAGA claim by all plaintiffs other than Luigi Ambrose, Emma Imbrose, and Dihren Mehta; and (3) the claims for violation of California Labor Code § 226 by plaintiffs Tom Camaj, Rick Medina, and Karl Lindingers.  Second, defendants contend that plaintiffs Jim Murtaza ("Murtaza") and AXCL Group International ("AXCL")[3] have failed to sufficiently allege claims for intentional misrepresentation and fraudulent concealment.

**\*Plaintiffs admit that the PAGA claim by plaintiffs other than Luigi Ambrose, Emma Imbrose, and Dihren Mehta, and the claims for violation of California Labor Code § 226 by plaintiffs Tom Camaj, Rick Medina, and Karl Lindingers are time-barred.[4]**  Plaintiffs have agreed to amend their complaint in order to remove these claims. Plaintiffs have also agreed to eliminate any reference to punitive damages in connection with alleged violations of the California Labor Code.  With respect to Murtaza and AXCL's claims, however, plaintiffs contend that they have properly alleged intentional misrepresentation and fraudulent concealment.  The Court addresses the sufficiency of Murtaza and AXCL's fraud allegations below.

### A.   Intentional Misrepresentation

Plaintiffs Murtaza and AXCL allege that defendants misrepresented material facts to Murtaza prior to his entering into the Agency Operator agreement in February 2008.

---

[3] AXCL is a corporate entity that plaintiff allegedly formed at the insistence of defendants as a condition to plaintiff becoming an Agency Operator.  TAC ¶ 4.

[4] **\*Because defendants allegedly did not terminate plaintiff Mark Asbury until August 2002, the Court does not find his claims to be time-barred here**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

TAC ¶ 77.  Specifically, plaintiffs allege that Albert Elizalde ("Elizalde"), an Avis manager, told Murtaza that he could "run his own business," "be his own boss," and have "unlimited income potential."  Id. ¶ 76.  Further, plaintiffs assert that Elizalde told Murtaza that he would receive "plenty of cars to rent," but that at the beginning of 2009, "Mr. Elizalde began experiencing systemic issues regarding the availability of cars, and discovered that the representations made regarding cars [were] not true."  TAC ¶¶ 77–79, 89.

Defendants argue that plaintiffs Murtaza and AXCL fail to allege a viable claim for intentional misrepresentation.  Mot. at 8.  Specifically, defendants contend that plaintiffs fail to allege a misrepresentation of past or existing fact because Elizalde's statement regarding the availability of rental cars was a prediction as to future events.  Id.  Further, defendants argue that Elizalde did not have knowledge that his statement was not true at the time he spoke to Murtaza.  Id. at 9.  Finally, defendants contend that Elizalde's statements that Murtzaza could "be his own boss" and have "unlimited income potential" are not "specific and measurable" and therefore amount to non-actionable "puffery."  Id. at 8.

In opposition, plaintiffs argue that the TAC sufficiently alleges that the representations made by Elizalde were untrue at the time they were made.  Opp'n at 3.  To support this argument, plaintiffs assert that defendants limited Murtaza's access to rental cars by suspending the availability of certain classes of vehicles and by physically confiscating vehicles on Murtaza's lot.  TAC ¶ 81.  Further, plaintiffs argue that defendants improperly rely on the legal standard for negligent misrepresentation, rather than that for intentional misrepresentation, and that the proper standard requires a "misrepresentation as to a material fact," rather than "a representation as to a past or existing material fact."  Opp'n at 5 (citing Friedman v. Merck & Co., 107 Cal. App. 4th 454 (2003); Century Sur. Co. v. Crosby Ins., Inc., 124 Cal. App. 4th 116 (2004)).  Finally, plaintiffs argue that Elizalde's statements that Murtaza could "be his own boss" and have "unlimited earning potential," did not constitute mere "puffery" because the statements involved Murtaza's livelihood and his ability to make money.  Id. at 7.

As an initial matter, the Court finds that to prevail on a claim for intentional misrepresentation, plaintiffs must show a misrepresentation of a past or existing material fact.  Several California cases confirm this conclusion.  See e.g., Cohen v. S & S Construction Co., 151 Cal. App. 3d 941, 946 (1983) ("Actionable misrepresentation must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

generally be one of existing fact, since predictions as to future events . . . are deemed opinions . . ."); In re Brocade Communications Systems, Inc. Derivative Litigation, 615 F. Supp. 2d 1018, 1045 (N.D. Cal. 2009) ("The elements of intentional misrepresentation are: (1) a misrepresentation of a past or existing material fact . . ."); Nero v. Evans, 2011 U.S. Dist. LEXIS 73756, at \*26–27 (S.D. Cal. July 8, 2011) ("Under California law, Plaintiffs must establish the following essential elements for a claim of fraud by an intentional misrepresentation: (1) Defendants made a misrepresentation as to a past or existing material fact . . .").[5]

Having determined that only representations as to past or existing facts are actionable, the Court finds that plaintiffs' claim regarding the future availability of rental cars is a non-actionable prediction of future events. See Pacesetter Homes, Inc. v. Brodkin, 5 Cal. App. 3d 206, 211 (1970) (presale statements made to purchaser regarding rental value and statements that the buildings would be an excellent investment were statements of opinion concerning future estimated rentals and were not fraudulent misrepresentations); Kelly Tire Serv., Inc. v. Kelly-Springfield Tire Co., 338 F.2d 248, 253 (8th Cir. 1964) (holding that a franchisor's promise to "provide an adequate supply of tires" to a franchisee was an opinion and not a fraudulent misrepresentation of past or existing facts).[6]

---

[5] The cases upon which plaintiffs rely do not compel a contrary result. Freidman concerns negligent misrepresentation, and neither Friedman nor Century Sur. Co. explicitly says that future predictions are actionable. See Friedman, 107 Cal. App. 4th at 476 ("The elements of a cause of action for negligent misrepresentation are: 1. The defendant must have made a representation as to a past or existing material fact . . ."); Century Sur. Co., 124 Cal. App. 4th at 119 ("The following elements must be pleaded to state a cause of action for fraud: (1) a misrepresentation of a material fact; (2) knowledge of falsity; (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damages.").

[6] There are three exceptions to the rule that actionable fraud must be based on existing facts. See Borba v. Thomas, 70 Cal. App. 3d 144, 152 (1977) (concluding that exceptions apply where: (1) a party holds himself out to be specially qualified and the other party may reasonably rely upon the superior knowledge; (2) the opinion is by a fiduciary or other trusted person; or (3) where a party states his opinion as an existing fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

The Court disagrees with plaintiffs that Elizalde's alleged statements constitute misrepresentations concerning existing facts. This is so because plaintiffs admit in their allegations that Elizalde did not know his alleged statements were false at the time he made them. Plaintiffs allege that Elizalde told Murtaza in 2007 and 2008 that Avis would provide adequate inventory to Murtaza's Agency Operator location. TAC ¶ 76–77. However, plaintiffs also allege that it was not until "the beginning of 2009," that Elizalde learned that the representations he made regarding the availability of cars were not true. Id. at ¶¶ 77, 89. Accordingly, based on plaintiffs' allegations, Elizalde did not know about any shortage of vehicles until well after he made the alleged misrepresentations to Murtaza.[7]

Finally, as to Elizalde's statements that Murtaza could "be his own boss" and have "unlimited earning potential," the Court agrees with defendants that these statements amount to non-actionable "puffery." "The distinguishing characteristics of 'puffery' are vague, highly subjective claims as opposed to specific, detailed factual assertions." Haskell v. Time, Inc., 857 F. Supp. 1392, 1399 (E.D.Cal.1994). Here, "unlimited"

---

so as to justify a belief in the truth of the opinion). Here, plaintiffs do not allege that Elizalde held himself out to Murtaza as being specially qualified on the subject of defendants' inventory. Next, a franchisor does not owe a franchisee a fiduciary duty as a matter of law. See Boat & Motor Mart v. Sea Ray Boats, Inc., 825 F.2d 1285, 1292 (9th Cir. 1987) (holding that under California law, "[t]he relation between a franchisor and a franchisee is not that of a fiduciary to a beneficiary"); In re Sizzler Restaurants International, Inc., 225 B.R. 466, 473 n. 3 (Bankr. C.D. Cal. 1998) ("[A]s a matter of California law, a franchisor does not owe a franchisee any fiduciary duties."). Finally, plaintiffs do not allege that Elizalde stated his opinion as an existing fact. Accordingly, none of the exceptions applies.

[7] Plaintiffs' argument that paragraph 81 of the TAC purports to show existing fraud is unavailing. Paragraph 81 states that defendants would "block rentals from the location by arbitrarily" limiting the class of vehicles available for rent at the location, temporarily suspending certain classes of vehicles available for rent, and physically confiscating vehicles on the location's lot. TAC ¶ 81. Defendants' alleged business practices have no bearing on Elizalde's knowledge regarding statements that took place during negotiations prior to the commencement of the parties' business relationship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

earning potential is highly subjective, and the statements that Murtaza could be his own boss are not specific or detailed.  See People v. Gonda, 173 Cal. Rptr. 398, 400 (1981) (informing prospective "franchisees" of "bright" prospects and of "excellent" earning potential were representations "close to the line of mere puffery or exaggerated expression of opinion"); Limantour v. Cray Inc., 432 F. Supp. 2d 1129, 1145 (W.D. Wash. 2006) (future projections of revenue and earnings prospects, such as we "expect continued strong growth," "outlook is promising," and we are "confident in long-term growth prospects" constituted puffery).

Therefore, the Court GRANTS defendants' motion insofar as plaintiffs fail to state a claim for intentional misrepresentation.  Because plaintiffs' have already amended their complaint three times, and because further leave to amend would be futile, dismissal of this claim is WITH PREJUDICE.

### B.    Fraudulent Concealment

Plaintiffs allege that defendants failed to disclose to Murtaza certain material facts including that defendants "could and would hold back cars available for rent," and that they could terminate the Agency Operator agreement "at will."  TAC ¶ 91.  Plaintiffs allege that Murtaza would not have formed AXCL or contracted with defendants had he known such facts.  Id. ¶ 93.

Defendants argue that plaintiffs fail to allege a duty of disclosure and therefore fail to state a claim for fraudulent concealment.  Mot. at 9.  Defendants further argue that even if a duty of disclosure existed, the Court must look to the terms of the written agreement to determine "the contours of any claim based on a concealment theory."  Id. at 10.  Accordingly, defendants argue that plaintiffs' claim cannot be evaluated because the underlying Agency Operator agreement has not been provided to the Court.  Id.

In opposition, plaintiffs argue that defendants improperly frame their fraud claim as one for breach of contract.  Opp'n at 7.  Plaintiffs further argue that a duty to disclose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## * AMENDED * CIVIL MINUTES - GENERAL

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|---|---|---|---|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

arises from the contractual relationship, and that all the facts supporting the existence of a duty are contained within paragraph twenty-six of the TAC.[8]  Id. at 8–9.

    To sufficiently plead fraudulent concealment, a plaintiff must show: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the fact; and (5) the plaintiff sustained damage.  Grant v. Aurora Loan Services, Inc., 736 F. Supp. 2d 1257, 1273 (C.D. Cal. 2010) (citing Kaldenbach v. Mutual of Omaha Life Ins. Co., 178 Cal. App. 4th 830, 850 (2009)).

     The Court finds that plaintiffs have failed to allege that defendants owed a duty to disclose the information that was allegedly concealed.  At no point does the TAC allege that defendants owed a duty of disclosure to Murtaza or AXCL.  Further, paragraph 26 of the TAC merely states the dates during which Murtaza worked as an Agency Operator, the location at which he worked, and the circumstances under which AXCL was formed.  TAC ¶ 26.  Additionally, although a duty may have arisen as a result of the parties' contractual relationship, plaintiffs fail to allege what specific contractual provisions give rise to a duty to disclose.  Consequently, plaintiffs fail to state a claim for fraudulent concealment.  However, because plaintiffs may allege facts that show the existence of a duty, the Court finds that leave to amend should be granted.[9]

_____

    [8] Paragraph 26 states that Murtaza is from Orange County, California and worked as an Agency Operator for defendants in its Newport Beach location between "2008 and December, 2010."  TAC ¶ 26.  The paragraph also states that AXCL was formed in response to defendants demand that it be formed as a condition to Murtaza becoming an Agency Operator.  Id.

    [9] If plaintiffs wish to purse this claim, they must provide the Court with a copy of the Agency Operator agreement.  Without the agreement, the Court cannot determine whether defendants had a duty to disclose, and if so, whether defendants failed to disclose material facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED \* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9992 CAS (AGRx) | Date | July 19, 2012 |
|----------|----------------------|------|---------------|
| Title | AMBROSE, ET AL. v. AVIS RENT A CAR SYSTEM, INC., ET AL. | | |

## V.      CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS in part defendants' motion to dismiss WITH PREJUDICE insofar as Murtaza and AXCL fail to allege a viable claim for intentional misrepresentation.

The Court further GRANTS in part defendants' motion to dismiss WITHOUT PREJUDICE insofar as plaintiffs fail to sufficiently allege a claim for fraudulent concealment.  Plaintiff shall have **twenty (20) days** to file a fourth amended complaint. Failure to do so will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |